# EXHIBIT "A"

IN THE STATE COURT OF CHATHAM COUNTY
SAVANNAH, GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

2014 FEB -6 PM 4: 47

Brian K. Hart

| | | |
|---|---|---|
| JOAN CARTER,<br>**Plaintiff,** | } | |
| | } | |
| | } | |
| v. | } | Civil Action No.: _____ |
| | } | |
| BELK, INC., d/b/a BELK OF<br>SAVANNAH, and JANE DOE,<br>**Defendants.** | } | |

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff above named, by and through the undersigned attorney, and

brings this action for damages against the Defendants, **BELK, INC., d/b/a BELK OF**

**SAVANNAH, and JANE DOE,** and respectfully shows the Court the following:

### PART ONE:

### PARTIES AND JURISDICTION

1.

The Plaintiff **JOAN CARTER** is a resident of Savannah, Chatham County, Georgia, and

as such is subject to the jurisdiction of this Honorable Court.

2.

The Defendant **BELK, INC., d/b/a BELK OF SAVANNAH,** is a corporation organized

under the laws other than the State of Georgia, but at all times mentioned herein it was doing

business in Savannah, Chatham County, Georgia at its local department store at Oglethorpe Mall

located at 7804 Abercorn Street, Suite 62, Savannah, Georgia 31406. It can be served with a

copy of this Complaint and Summons in care of its Registered Agent for Service, National

Registered Agents, Inc., at 1201 Peachtree Street, N.E., Suite 1240, Atlanta, Georgia 30361. As

such, it is subject to the jurisdiction and venue of this Honorable Court.

1

**3.**

The Defendant **JANE DOE**, a duly authorized agent of Defendant **BELK, INC., d/b/a BELK OF SAVANNAH**, whose name is currently unknown to Plaintiff, but whose name and address will be supplied to the Court after it is acquired through Discovery. The said **JANE DOE** is a resident of Chatham County, Georgia, and as such is subject to the jurisdiction of this Honorable Court.

## PART TWO:

## NATURE OF CLAIM

**4.**

Defendant **BELK, INC., d/b/a BELK OF SAVANNAH**, owns and operates the Belk's Department Store at the Oglethorpe Mall in Savannah, Georgia, to which the general public is invited for the purpose of purchasing clothing and home goods, as are generally sold in department stores.

**5.**

On or about May 14, 2012, the Plaintiff was shopping in the crowded racks of hanging clothes in the women's apparel section of the store. She selected two articles of clothing to try on and was walking through the aisle between the crowded clothing racks towards the women's dressing room, when she tripped and fell over the bottom wheeled portion of a mobile clothes hanging rack. Said bottom wheeled portion of the mobile clothes rack was obscured by the densely crowded stationary racks of hanging clothing in said women's apparel section of the store, causing her to fall harshly to the floor.

**6.**

2

At said time and place, the Plaintiff was lawfully in the Defendant's department store as a business invitee, shopping for clothing.

**7.**

As a result of the aforesaid fall, the Plaintiff sustained multiple injuries, the most serious of which was the dislocation of her left shoulder.

**8.**

The Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH,** by and through its agents and employees, had knowledge superior to Plaintiff's of the dangerous hazard caused by the presence and location of the mobile clothes rack, which its employee, Defendant **JANE DOE,** negligently placed within the densely packed stationary racks of clothing. The broad based bottom wheeled structure of said mobile rack was obscured from Plaintiff's range of view by the hanging women's clothing on the many densely packed stationary racks such that Plaintiff did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it.

**9.**

The Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH** , by and through its agents and employees, and more particularly its employee Defendant **JANE DOE,** were negligent in the following respects:

A. In negligently placing the mobile clothes hanging rack with its broad based wheeled structures, which extended out beyond the stationary based clothes rack structures near the narrow aisle, causing a severe potential hazard to its patrons;

3

B. In failing to keep the mobile rack of clothing, with its broad wheeled base structure, out of the densely packed fixed clothing racks in the women's clothing department;

C. In failing to leave said mobile racks out in the open main center aisles where its extended wheeled base could be easily seen by its invitees, such that it would not become a trip hazard to its patrons passing through the narrow densely packed stationary racks of clothing;

D. In failing to warn the Plaintiff of the presence of said wheel based mobile rack which was negligently placed within the stationary, densely packed racks of clothing;

E. Defendant was otherwise generally negligent in the maintenance of its mobile clothes racks in the densely packed area of fixed racks of clothing located in the women's apparel section of the Belk's Department Store.

**10.**

The sole proximate cause of the injuries and damages sustained by the Plaintiff **JOAN CARTER** was the aforesaid negligence of the Defendant **BELK, INC., d/b/a BELK OF SAVANNAH,** and through its employee Defendant **JANE DOE** and its agents and employees on the date and the place aforesaid.

### PART THREE:

### INJURIES AND DAMAGES

**11.**

As a proximate cause of the negligence of the Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH,** and Defendant, **JANE DOE,** the Plaintiff **JOAN CARTER** suffered serious

4

personal physical injuries, which have caused her great past, present and future mental and physical pain and suffering. Said injuries include, but are not limited to the following:

A.  Dislocation of her left shoulder;

B.  Severe injury to her brachial plexy nerve system, which conducts nerve pain impulses to and from her left shoulder area and her neck and her cervical spine area leading up to her brain, which interprets her pain sensation;

C.  She now suffers from a chronic pain condition known as Reflex Sympathetic Dystrophy (RSD) of the upper left limb and shoulder, caused by the fall;

D.  She has undergone multiple nerve block injections in her neck to help alleviate her significant chronic pain in her left shoulder area, left arm and neck, plus several Spinal Cord Stimulations (SCS) trials;

E.  She has had to undergo the permanent surgical placement of a Spinal Cord Stimulator (SCS) in her spine, with an implanted wire leading down to an electrical power pack surgically implanted in her left hip.

## PART FOUR:

## SPECIAL DAMAGES

### 12.

As a result of the aforesaid injuries proximately caused by the negligence of the Defendant **BELK, INC., d/b/a BELK OF SAVANNAH,** and its agents and employees, including the Defendant **JANE DOE,** the Plaintiff has suffered the following medical expenses through April 27, 2013:

| Date | Provider | Charge |
|------|----------|--------|
| 5/14/2012 | Mercy Ambulance Service | 545.22 |
| 5/14/2012 | Mercy Ambulance Service | 7.79 |
| 5/14/2012 | Candler General Hospital | 275.00 |
| 5/14/2012 | Candler General Hospital | 423.00 |
| 5/14/2012 | Candler General Hospital | 460.00 |
| 5/14/2012 | Candler General Hospital | 460.00 |
| 5/14/2012 | Candler General Hospital | 104.00 |
| 5/14/2012 | Candler General Hospital | 52.00 |
| 5/14/2012 | Candler General Hospital | 104.00 |
| 5/14/2012 | Dr. Mark Coffee - GA Emergency Associates | 1,334.00 |
| 5/14/2012 | Savannah Chatham Imaging LLC | 62.00 |
| 5/14/2012 | CVS Pharmacy | 6.50 |
| 5/15/2012 | Dr. Spencer Wheeler | 227.00 |
| 5/15/2012 | Dr. Spencer Wheeler | 114.00 |
| 5/31/2012 | DJO, LLC | 25.00 |
| 5/31/2012 | Dr. Spencer Wheeler | 152.00 |
| 6/1/2012 | CVS Pharmacy | 10.77 |
| 6/7/2012 | Dr. Spencer Wheeler | 188.00 |
| 6/7/2012 | Dr. Spencer Wheeler | 152.00 |
| 6/7/2012 | Dr. Spencer Wheeler | 4.00 |
| 6/8/2012 | Candler General Hospital | 52.00 |
| 6/8/2012 | Candler General Hospital | 378.00 |
| 6/8/2012 | Candler General Hospital | 1078.00 |
| 6/8/2012 | Candler General Hospital | 630.00 |
| 6/8/2012 | Candler General Hospital | 52.00 |
| 6/8/2012 | Candler General Hospital | 52.00 |
| 6/8/2012 | Sav-Chath Imaging LLC | 272.00 |
| 6/8/2012 | Dr. David Estle | 2082.00 |
| 6/8/2012 | Dr. Spencer Wheeler | 1781.00 |
| 6/8/2012 | GA Emergency Assoc | 534.00 |
| 6/8/2012 | CVS Pharmacy | 8.75 |
| 6/8/2012 | CVS Pharmacy | 9.52 |
| 6/11/2012 | Dr. Todd Lanier | 1107.00 |
| 6/13/2012 | CVS Pharmacy | 8.75 |
| 6/18/2012 | DJO, LLC | 67.71 |
| 6/19/2012 | Dr. Spencer Wheeler | 152.00 |
| 6/20/2012 | Dr. David Sauers | 198.00 |
| 6/20/2012 | Dr. David Sauers | 84.00 |
| 6/20/2012 | Dr. David Sauers | 58.00 |
| 6/23/2012 | CVS Pharmacy | 10.77 |
| 6/25/2012 | Dr. Spencer Wheeler | 114.00 |

6

| | | |
|---|---|---|
| 6/25/2012 | Susan McManus, OT | 174.00 |
| 6/29/2012 | Dr. Spencer Wheeler | 128.00 |
| 6/29/2012 | Dr. Spencer Wheeler | 44.00 |
| 6/29/2012 | Dr. Spencer Wheeler | 25.00 |
| 7/1/2013 | CVS Pharmacy | 8.75 |
| 7/2/2012 | CVS Pharmacy | 8.75 |
| 7/3/2012 | Dr. Spencer Wheeler | 44.00 |
| 7/5/2012 | Dr. Spencer Wheeler | 128.00 |
| 7/5/2012 | Dr. Spencer Wheeler | 61.00 |
| 7/5/2012 | Dr. Spencer Wheeler | 44.00 |
| 7/9/2012 | Dr. Spencer Wheeler | 122.00 |
| 7/9/2012 | Dr. Spencer Wheeler | 64.00 |
| 7/9/2012 | Dr. Spencer Wheeler | 44.00 |
| 7/11/2012 | CVS Pharmacy | 6.15 |
| 7/16/2012 | Dr. Spencer Wheeler | 128.00 |
| 7/16/2012 | Dr. Spencer Wheeler | 61.00 |
| 7/16/2012 | Dr. Spencer Wheeler | 44.00 |
| 7/18/2012 | Dr. Spencer Wheeler | 192.00 |
| 7/18/2012 | Dr. Spencer Wheeler | 61.00 |
| 7/24/2012 | Dr. Spencer Wheeler | 128.00 |
| 7/24/2012 | Dr. Spencer Wheeler | 44.00 |
| 7/24/2012 | Dr. Spencer Wheeler | 25.00 |
| 7/26/2012 | Dr. Ortelio Bosch | 450.00 |
| 7/26/2012 | Dr. Ortelio Bosch | 35.00 |
| 7/26/2012 | Dr. Spencer Wheeler | 64.00 |
| 7/26/2012 | Dr. Spencer Wheeler | 61.00 |
| 7/26/2012 | Dr. Spencer Wheeler | 44.00 |
| 7/26/2012 | Dr. Spencer Wheeler | 39.00 |
| 7/30/2012 | Dr. Spencer Wheeler | 128.00 |
| 7/30/2012 | Dr. Spencer Wheeler | 44.00 |
| 8/1/2012 | Dr. Spencer Wheeler | 152.00 |
| 8/3/2012 | Dr. Spencer Wheeler | 70.00 |
| 8/3/2012 | Dr. Spencer Wheeler | 64.00 |
| 8/3/2012 | Dr. Spencer Wheeler | 61.00 |
| 8/3/2012 | Dr. Spencer Wheeler | 25.00 |
| 8/8/2012 | Dr. Spencer Wheeler | 39.00 |
| 8/10/2012 | Dr. Spencer Wheeler | 128.00 |
| 8/10/2012 | Dr. Spencer Wheeler | 61.00 |
| 8/13/2012 | Dr. Alison Walmsley | 169.00 |
| 8/14/2012 | Dr. Ortelio Bosch | 150.00 |
| 8/14/2012 | Dr. Ortelio Bosch | 2.00 |
| 8/14/2012 | Dr. Ortelio Bosch | 16.00 |
| 8/14/2012 | Dr. Ortelio Bosch | 2.00 |

7

| | | |
|---|---|---|
| 8/14/2012 | Dr. Ortelio Bosch | 8.00 |
| 8/14/2012 | Dr. Ortelio Bosch | 525.00 |
| 8/14/2012 | Dr. Ortelio Bosch | 150.00 |
| 8/17/2012 | Dr. Spencer Wheeler | 189.00 |
| 8/20/2012 | Dr. Spencer Wheeler | 169.00 |
| 8/24/2012 | Dr. Spencer Wheeler | 239.00 |
| 8/27/2012 | Dr. Spencer Wheeler | 189.00 |
| 9/6/2012 | Dr. Spencer Wheeler | 64.00 |
| 9/6/2012 | Dr. Spencer Wheeler | 61.00 |
| 9/6/2012 | Dr. Spencer Wheeler | 68.00 |
| 9/12/2012 | Dr. Spencer Wheeler | 152.00 |
| 9/14/2012 | Dr. Spencer Wheeler | 128.00 |
| 9/14/2012 | Dr. Spencer Wheeler | 61.00 |
| 9/14/2012 | Dr. Spencer Wheeler | 68.00 |
| 9/18/2012 | Dr. Ortelio Bosch | 150.00 |
| 9/24/2012 | Dr. James A. Long | 1658.00 |
| 9/26/2012 | Matrix Medical Network of Georgia | 435.00 |
| 10/3/2012 | Dr. Spencer Wheeler | 64.00 |
| 10/3/2012 | Dr. Spencer Wheeler | 61.00 |
| 10/3/2012 | Dr. Spencer Wheeler | 68.00 |
| 10/17/2012 | Dr. Ortelio Bosch | 150.00 |
| 10/18/2012 | Dr. Spencer Wheeler | 70.00 |
| 10/18/2012 | Dr. Spencer Wheeler | 64.00 |
| 10/18/2012 | Dr. Spencer Wheeler | 61.00 |
| 10/29/2012 | Dr. Ortelio Bosch | 150.00 |
| 10/29/2012 | Dr. Ortelio Bosch | 300.00 |
| 10/29/2012 | Dr. Ortelio Bosch | 2.00 |
| 10/29/2012 | Dr. Ortelio Bosch | 2.00 |
| 10/29/2012 | Dr. Ortelio Bosch | 4.00 |
| 10/29/2012 | Dr. Ortelio Bosch | 3600.00 |
| 10/29/2013 | Dr. Ortelio Bosch | 1820.00 |
| 10/29/2012 | Dr. Ortelio Bosch | 150.00 |
| 11/1/2012 | Dr. Ortelio Bosch | 150.00 |
| 11/14/2012 | Dr. Ortelio Bosch | 150.00 |
| 11/15/2012 | Dr. Ortelio Bosch | 1335.11 |
| 11/15/2012 | Veratis Laboratories, LLC | 55.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 78.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 240.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 58.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 65.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 82.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 80.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 70.00 |

| | | |
|---|---|---|
| 11/15/2012 | Veratis Laboratories, LLC | 250.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 56.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 75.00 |
| 11/15/2012 | Veratis Laboratories, LLC | 50.70 |
| 11/15/2012 | Veratis Laboratories, LLC | 48.76 |
| 11/15/2012 | Veratis Laboratories, LLC | 43.92 |
| 11/15/2015 | Veratis Laboratories, LLC | 49.19 |
| 11/15/2015 | Veratis Laboratories, LLC | 33.54 |
| 11/20/2012 | Dr. Spencer Wheeler | 64.00 |
| 11/20/2012 | Dr. Spencer Wheeler | 68.00 |
| 11/27/2012 | Candler General Hospital | 436.00 |
| 11/27/2012 | Georgia Emergency Physicians | 358.00 |
| 11/29/2012 | Dr. James Lindley | 400.00 |
| 12/3/2012 | Dr. Pamela H. Boland | 350.00 |
| 12/3/2012 | Dr. Pamela H. Boland | 45.00 |
| 12/6/2012 | Savannah Chatham Imaging LLC | 67.00 |
| 12/7/2012 | Wilmington Island F. | 34.00 |
| 12/7/2012 | Memorial Health University Medical Center | 296.00 |
| 12/7/2012 | Memorial Health University Medical Center | 59.00 |
| 12/7/2012 | Memorial Health University Medical Center | 138.00 |
| 12/7/2012 | Atlantic Radology Associates | 35.88 |
| 12/7/2012 | Memorial Health University Medical Center | 37.00 |
| 12/7/2012 | Memorial Health University Medical Center | 179.00 |
| 12/12/2012 | Dr. Ortelio Bosch | 75.00 |
| 12/13/2012 | Memorial Health University Medical Center | 186.15 |
| 12/14/2012 | Dr. James Lindley | 1437.5 |
| 12/14/2012 | Dr. James Lindley | 5975.00 |
| 12/14/2012 | Memorial Health University Medical Center | 5555.00 |
| 12/14/2012 | Memorial Health University Medical Center | 128.00 |
| 12/14/2012 | Memorial Health University Medical Center | 5555.00 |
| 12/14/2012 | Memorial Health University Medical Center | 1359.00 |
| 12/14/2012 | Memorial Health University Medical Center | 3090.00 |
| 12/14/2012 | Memorial Health University Medical Center | 1540.00 |
| 12/14/2012 | Memorial Health University Medical Center | 27.65 |
| 12/14/2012 | Memorial Health University Medical Center | 7.80 |
| 12/14/2012 | Memorial Health University Medical Center | 8.20 |
| 12/14/2012 | Memorial Health University Medical Center | 8.20 |
| 12/14/2012 | Memorial Health University Medical Center | 11.45 |
| 12/14/2012 | Memorial Health University Medical Center | 11.70 |
| 12/14/2012 | Memorial Health University Medical Center | 21.15 |
| 12/14/2012 | Memorial Health University Medical Center | 25.00 |
| 12/14/2012 | Memorial Health University Medical Center | 25.83 |
| 12/14/2012 | Memorial Health University Medical Center | 25.90 |

9

| 12/14/2012 | Memorial Health University Medical Center | 36.80 |
| 12/14/2012 | Memorial Health University Medical Center | 57.77 |
| 12/14/2012 | Memorial Health University Medical Center | 61.21 |
| 12/14/2012 | Memorial Health University Medical Center | 72.00 |
| 12/14/2012 | Memorial Health University Medical Center | 88.50 |
| 12/14/2012 | Memorial Health University Medical Center | 103.29 |
| 12/14/2012 | Memorial Health University Medical Center | 110.45 |
| 12/14/2012 | Memorial Health University Medical Center | 150.00 |
| 12/14/2012 | Memorial Health University Medical Center | 213.40 |
| 12/14/2012 | Memorial Health University Medical Center | 258.74 |
| 12/14/2012 | Memorial Health University Medical Center | 1345.00 |
| 12/14/2012 | Memorial Health University Medical Center | 6547.50 |
| 12/14/2012 | Memorial Health University Medical Center | 6765.75 |
| 12/14/2012 | Memorial Health University Medical Center | 106.77 |
| 12/14/2012 | Memorial Health University Medical Center | 727.50 |
| 12/14/2012 | Memorial Health University Medical Center | 32737.50 |
| 12/14/2012 | Memorial Health University Medical Center | 61093.03 |
| 12/14/2012 | Memorial Health University Medical Center | 11.00 |
| 12/14/2012 | Memorial Health University Medical Center | 44.00 |
| 12/14/2012 | Memorial Health University Medical Center | 83.00 |
| 12/14/2012 | Memorial Health University Medical Center | 86.00 |
| 12/14/2012 | Memorial Health University Medical Center | 23.00 |
| 12/14/2012 | Atlantic Radology Associates | 40.39 |
| 12/14/2012 | Atlantic Radology Associates | 25.41 |
| 12/14/2012 | Memorial Health University Medical Center | 66086.57 |
| 12/14/2012 | Memorial Health University Medical Center | 65564.42 |
| 12/14/2012 | Memorial Health University Medical Center | 283.50 |
| 12/14/2012 | Memorial Health University Medical Center | 1720.00 |
| 12/14/2012 | Memorial Health University Medical Center | 189.50 |
| 12/14/2012 | Memorial Health University Medical Center | 14.90 |
| 12/14/2012 | Memorial Health University Medical Center | 66.10 |
| 12/14/2012 | Memorial Health University Medical Center | 283.50 |
| 12/14/2012 | Memorial Health University Medical Center | 749.00 |
| 12/14/2012 | Memorial Health University Medical Center | 1248.00 |
| 12/14/2012 | Anesthesia Consultants of Savannah | 2430.00 |
| 12/15/2012 | Memorial Health University Medical Center | 238.65 |
| 12/15/2012 | Memorial Health University Medical Center | 186.15 |
| 12/15/2013 | Memorial Health University Medical Center | 238.65 |
| 12/19/2012 | Dr. Spencer Wheeler | 152.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 250.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 56.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 75.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 50.70 |

10

| Date | Provider | Amount |
|---|---|---|
| 12/21/2012 | Veritas Laboratories, LLC | 48.76 |
| 12/21/2012 | Veritas Laboratories, LLC | 43.92 |
| 12/21/2012 | Veritas Laboratories, LLC | 49.19 |
| 12/21/2012 | Veritas Laboratories, LLC | 33.54 |
| 12/21/2012 | Veritas Laboratories, LLC | 55.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 78.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 240.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 58.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 65.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 82.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 80.00 |
| 12/21/2012 | Veritas Laboratories, LLC | 70.00 |
| 12/23/2012 | Georgia Emergency Physicians | 774.00 |
| 12/23/2012 | Memorial Health University Medical Center | 4672.20 |
| 12/23/2012 | Memorial Health University Medical Center | 588.00 |
| 12/23/2012 | Atlantic Radology Associates | 176.86 |
| 1/15/2013 | Dr. Ortelio Bosch | 75.00 |
| 2/12/2013 | Dr. Ortelio Bosch | 150.00 |
| 3/3/2013 | Candler General Hospital | 21.00 |
| 3/3/2013 | Candler General Hospital | 436.00 |
| 3/3/2013 | Georgia Emergency Physicians | 358.00 |
| 3/5/2013 | Memorial Health University Medical Center | 85.00 |
| 3/5/2013 | Memorial Health University Medical Center | 184.00 |
| 3/11/2013 | Dr. Spencer Wheeler | 174.00 |
| 3/11/2013 | Dr. Spencer Wheeler | 64.00 |
| 3/11/2013 | Dr. Spencer Wheeler | 45.00 |
| 3/12/2013 | Dr. Ortelio Bosch | 75.00 |
| 3/13/2013 | Dr. Spencer Wheeler | 64.00 |
| 3/13/2013 | Dr. Spencer Wheeler | 45.00 |
| 3/25/2013 | Dr. Spencer Wheeler | 64.00 |
| 3/25/2013 | Dr. Spencer Wheeler | 45.00 |
| 3/28/2013 | Dr. Spencer Wheeler | 64.00 |
| 3/28/2013 | Dr. Spencer Wheeler | 45.00 |
| 4/1/2013 | Dr. Spencer Wheeler | 64.00 |
| 4/1/2013 | Dr. Spencer Wheeler | 45.00 |
| 4/1/2013 | Dr. Spencer Wheeler | 25.00 |
| 4/3/2013 | Dr. Spencer Wheeler | 45.00 |
| 4/3/2013 | Dr. Spencer Wheeler | 25.00 |
| 4/3/2013 | Dr. Spencer Wheeler | 50.00 |
| 4/3/2013 | Dr. Spencer Wheeler | 68.00 |
| 4/3/2013 | Dr. Spencer Wheeler | 0.48 |
| 4/3/2013 | Dr. Spencer Wheeler | 25.92 |
| 4/3/2013 | Dr. Spencer Wheeler | 29.58 |

11

| | | |
|---|---|---|
| 4/3/2013 | Dr. Spencer Wheeler | 0.60 |
| 4/3/2013 | Dr. Spencer Wheeler | 14.82 |
| 4/3/2013 | Dr. Spencer Wheeler | 12.41 |
| 4/3/2013 | Dr. Spencer Wheeler | 0.25 |
| 4/3/2013 | Dr. Spencer Wheeler | 12.34 |
| 4/3/2013 | Dr. Spencer Wheeler | 23.60 |
| 4/8/2013 | Dr. Spencer Wheeler | 64.00 |
| 4/8/2013 | Dr. Spencer Wheeler | 45.00 |
| 4/8/2013 | Dr. Spencer Wheeler | 25.00 |
| 4/9/2013 | Dr. Ortelio Bosch | 150.00 |
| 4/16/2013 | Dr. Spencer Wheeler | 64.00 |
| 4/16/2013 | Dr. Spencer Wheeler | 45.00 |
| 4/16/2013 | Dr. Spencer Wheeler | 25.00 |
| 4/29/2013 | Dr. Spencer Wheeler | 64.00 |
| 4/29/2013 | Dr. Spencer Wheeler | 45.00 |
| 4/29/2013 | Dr. Spencer Wheeler | 25.00 |
| 4/29/2013 | Dr. Spencer Wheeler | 50.00 |

**TOTAL**      $319,158.18.

### 13.

Plaintiff is continuing to incur medical expenses, and will suffer significant future medical expenses as she progresses through her treatment. Her Spinal Cord Stimulator will require lifetime costs in batteries and maintenance. As such, said Defendants are liable for her past, present and future medical expenses, which she has incurred, and which she will incur further as a result of her injuries, all of which are proximately caused by the aforesaid negligence of the above-named Defendants.

### PART FIVE:

### GENERAL DAMAGES

### 14.

As a result of the negligence of the Defendant and its agents and employees, and particularly the negligence of the Defendant **JANE DOE**, as set forth above, the Plaintiff has suffered great past, present and future severe mental and physical pain and suffering in an

12

amount which may be determined by the enlightened conscious of a jury. Said injuries were and are proximately caused by the aforesaid Defendants and said injuries are permanent in nature.

      **WHEREFORE** the Plaintiff prays as follows:

      A. That the Defendant be served with a copy of this Complaint and Summons and be required to answer same pursuant to Georgia Law;

      B. That the Plaintiff recover Special Damages from the Defendant for past, present and future medical expenses. The amount incurred through April 29, 2013 is $319,158.18;

      C. That the Plaintiff recover of the Defendant past, present and future mental and physical pain and suffering and permanent disability resulting from the aforesaid negligence of the Defendant and its employees;

      D. That the Plaintiff have such other and further relief as the Court deems appropriate;

      E. That the issues raised herein be tried by a Jury.

      **RESPECTFULLY** submitted this _6th_ day of _Feb_____, 2014.

                                  **Cletus W. Bergen, II, J.D., P.C.**

By:      _Cletus W. Bergen II_

                         **Cletus W. Bergen, II**
                         Attorney for Plaintiff
                         Georgia Bar I.D. #: 054150
                         223 West York Street
                         Savannah, Georgia 31401-3636
                         (912) 233-8001



# In The State Court of Chatham County

MAILING ADDRESS: P.O. BOX 9927, SAVANNAH, GEORGIA 31412

133 Montgomery Street, Suite 308

www.statecourt.org • Phone (912) 652-7224 • FAX (912) 652-7229 • clerk@statecourt.org

**JOAN CARTER**

Plaintiff

**STCV1400142**

Case Number

**Vs**

**BELK, INC., d/b/a BELK OF SAVANNAH, and JANE DOE**

Address of Defendant

National Registered Agents, Inc.
1201 Peachtree Street, N.E.
Suite 1240
Atlanta, Georgia 30361

Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: BELK, INC., d/b/a BELK OF SAVANNAH

Defendant's Address c/o National Registered Agents, Inc., 1201 Peachtree St., NE, Ste.1240, Atlanta, GA 30361

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney

whose name and address is:

Cletus W. Bergen, II
Cletus W. Bergen, II, J.D., P.C.
223 West York Street
Savannah, Georgia 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

*Brian K. Hart*

This ___6___ day of ___July___, 2014

**CLERK OF COURT .**
**State Court of Chatham County**

Deputy Clerk, State Court of Chatham County

Not valid until
signed and sealed
by a Deputy Court
Clerk

S. Bradly 425 2/28/14

27. Summons 09-05

# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: **GLENDA PIAZZA**
Belk, Inc.
2801 West Tyvola Road
Charlotte, NC 28217-

SOP Transmittal # **524488856**

404-965-3840 - Telephone

Entity Served:  BELK, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of GEORGIA on this 28 day of February, 2014. The following is a summary of the document(s) received:

1. **Title of Action:**  Joan Carter, Pltf. vs. Belk, Inc., etc. and Jane Doe, Dfts.

2. **Document(s) Served:**  COMPLAINT,SUMMONS
   Other: FIRST REQUEST(S)/FIRST INTERROGATORIES

3. **Court of Jurisdiction/Case Number:** Chatham County State Court, GA
   Case # STCV1400142

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:          _X_ Process Server          ___ Deputy Sheriff          ___ U. S Marshall

   ___ Delivered Via:          ___ Certified Mail          ___ Regular Mail          ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 02/28/2014 10:30:00 AM CST

7. **Appearance/Answer Date:**  Earliest Answer Date: Within 30 days after service, exclusive of the day of service
   (Document(s) may contain additional answer dates)

8. **Received From:**  Cletus W. Bergen, II          **9. Federal Express Airbill #**
   Cletus W. Bergen, II, J.D., P.C.
   223 West York Street          **10. Call Made to:** Not required
   Savannah, GA 31401-3636
   912-233-8001

11. **Special Comments:**
   NRAJ has retained the current log, Retain Date: 02/28/2014, Expected Purge Date: 03/30/2014
   Image SOP
   Email Notification, RALPH A. PITTS RALPH_PITTS@BELK.COM
   Email Notification, LUTHER T. MOORE LUTHER_MOORE@BELK.COM
   Email Notification, GLENDA PIAZZA GLENDA_PIAZZA@BELK.COM
   Email Notification, REBECCA ORR REBECCA_ORR@BELK.COM

**NATIONAL REGISTERED AGENTS, INC**          **CopiesTo:**

Transmitted by Tyeasha Harris

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

IN THE STATE COURT OF CHATHAM COUNTY
SAVANNAH, GEORGIA

2014 FEB -6 PM 4: 48

*Brian K. Hart*

JOAN CARTER,
    Plaintiff,

v.

BELK, INC., d/b/a BELK OF
SAVANNAH, and JANE DOE,
    Defendants.

Civil Action No.: _____

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
## BELK, INC., d/b/a BELK OF SAVANNAH

In compliance with O.C.G.A. § 9-11-36, the Defendant **BELK, INC., d/b/a BELK OF SAVANNAH**, is required to admit the truth of the separately listed matters of fact and the genuineness of the attached documents on the thirtieth (30th) day after service of this Request. As required by statute, Defendant is required to respond to this Request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within thirty (30) days after service of this First Request for Admissions to Defendant, Defendant serves a written Answer or objection addressed to each fact.

**1.**

Admit or deny that the Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH,** is a corporation and was a corporation on May 14, 2012.

**2.**

Admit or deny that at the time of the incident in question the premises where the accident occurred were owned by the Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH.**

**3.**

Admit or deny that on or about May 14, 2012, Defendant owned and/or operated Belk's

1

Department Store located at the Oglethorpe Mall located at 7804 Abercorn Street, Suite 62, Savannah, Chatham County, Georgia.

**4.**

Admit or deny that Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH,** does business at Belk Department Store and was doing business as Belk Department Store on or about May 14, 2012.

**5.**

Admit or deny that on May 14, 2012 the Plaintiff herein sustained injuries as a result of the incident in question at Defendant, **BELK, INC.**'s Department Store at the Oglethorpe Mall in Savannah, Chatham County, Georgia.

**6.**

Admit or deny that the Plaintiff tripped over a movable clothes rack in Defendant's women's clothing section of the premises on May 14, 2012.

**7.**

Admit or deny that the Plaintiff was business invitee on the premises in question at the time this incident occurred.

**8.**

Admit or deny that said movable clothes rack had four (4) roller wheels on the base of the rack.

**9.**

Admit or deny that said movable clothes rack was in or near the aisle of multiple stationary clothes racks which contained women's apparel hanging from the stationary clothes racks.

2

**10.**

Admit or deny that the Plaintiff was injured as a result of her fall, Plaintiff sustained personal injuries to her body.

**11.**

Admit or deny that the Defendant has been properly served with the service copy of Plaintiff's Complaint.

**RESPECTFULLY** submitted this $\underline{6^{th}}$ day of $\underline{\qquad Feb \qquad}$, 2014.

Cletus W. Bergen, II, J.D., P.C.

By: _____

**Cletus W. Bergen, II**
Attorney for Plaintiff
Georgia Bar I.D. #: 054150
223 West York Street
Savannah, Georgia 31401-3636
(912) 233-8001

3

FILED FOR FILING
STATE COURT CLERK

2014 FEB -6 PM 4:48

Brian K. Hart

IN THE STATE COURT OF CHATHAM COUNTY
SAVANNAH, GEORGIA

JOAN CARTER,          }
    Plaintiff,      }
                       }
v.                   }    Civil Action No.: _____
                       }
BELK, INC., d/b/a BELK OF  }
SAVANNAH, and JANE DOE,  }
    Defendants.      }

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BELK, INC., d/b/a BELK OF SAVANNAH

Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH,** is requested to respond to thefollowing written interrogatories pursuant to O.C.G.A. §9-11-33.

Defendant is required to answer these interrogatories separately and fully, in writing, under oath, and to serve a copy of Defendant's answers to the attorney for the Plaintiff within thirty forty-five (45) days after service.

If an interrogatory seeks information contained in a document, Defendant may attach a copy of the document in lieu of answering that interrogatory. If Defendant chooses to answer by reference to a document, its answer must identify the document upon which Defendant relies.

These interrogatories are continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

The terms "Defendant" and "you" and any synonym or plural thereof and derivatives therefrom means the Defendant, and, in addition, counsel for Defendant and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf. See O.C.G.A. §9-11-33(a).

1

The word "person" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

The word "date" means the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The word "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The words "identify" or "identity" used in conjunction with "documents" means to state the date of the document, its author and sender (if appropriate), its intended recipient (if appropriate), and a general statement of the form and content of each such document reflecting the contents of the document and the identity of its custodian.

The words "identify", or "identity" when used in conjunction with a request for the identity of a "person" means to state the person's complete name, home address, home phone, business address, business phone, and job description if you can describe it.

The words "premises" or "premises in question" refer to the Belk's Department Store

2

located in the Oglethorpe Mall located at 7804 Abercorn Street, Suite 62, Savannah, Chatham County, Georgia 31406.

Defendant is reminded of the duty to supplement Defendant's answers to these Interrogatories as required by O.C.G.A. §9-11-26(e).

### INTERROGATORIES

**1.**

Please state the full name, address, job title, and present employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH.**

**2.**

State the name and address of the owner of the Belk's Department Store located in the Oglethorpe Mall located at 7804 Abercorn Street, Suite 62, Savannah, Chatham County, Georgia 31406, as of May 14, 2012.

**3.**

State the name and address of the person or entity in exclusive possession and/or control of the premises located at the Oglethorpe Mall located at 7804 Abercorn Street, Suite 62, Savannah, Chatham County, Georgia 31406, at the time of the incident in question, to wit: May 14, 2012.

**4.**

State the name and address of the person or entity in control of that area of the premises where the incident in question occurred at the time of the occurrence.

3

**5.**

Has the Defendant been sued under its correct name?  If not, please state the correct name and explain your answer so that service may be properly obtained.

**6.**

State the name and address of each person, including experts, having any knowledge of relevant facts related to the accident which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**7.**

State the name, address, and telephone number of any persons who witnessed the occurrence in question, including, but not limited to, the name, address and telephone number of the **BELK, INC.** employee who placed the mobile clothes rack within the densely packed clothes racks in the women's clothing section of the store and the name, address and telephone number of the **BELK, INC.** employee who removed same from the accident scene after the Plaintiff's fall.

**8.**

State the name and address of any potential party to this lawsuit, not already named as a party hereto.

**9.**

Please state whether or not you have a copy of any statement which the Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody, or control.  (for the purpose of this question, a "statement previously made" includes: (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a

4

substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**10.**

Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**11.**

Describe in your own words how the incident made the basis of this suit occurred and state specifically and in detail what the claim or contention of the Defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

**12.**

Describe in detail any conversations you have had with the Plaintiff or Plaintiff's representative following the incident in question.

**13.**

State the full name, current address, telephone number, qualifications, and present employment of each person who you expect to call as an expert witness at the trial of this case, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.

**14.**

State whether any expert whom you expect to call as a witness has prepared a report,

formal or informal, and if so state the date(s) of such report(s) and to whom addressed.

**15.**

Please state the name and address of each expert consulted whose report or work product will be relied upon in whole or in part by any expert witness whom you expect to call at the trial of this case.

**16.**

Please state the name and address of each consulting expert whose report or work product was or will be reviewed by any testifying expert witness whom you expect to call at the trial of this case.

**17.**

Please state the full and correct name of the Defendant's corporate entity, the date on which incorporated, the state of incorporation, the names and addresses of all officers, and when the corporation was licensed to do business in the State of Georgia.

**18.**

Please describe in detail any previous incidents of which Defendant is aware that occurred in substantially the same way as the Plaintiff's accident or in the same or nearby location.

**19.**

Please describe in detail any subsequent incidents of which Defendant is aware which occurred in substantially the same way as Plaintiff's accident or in the same or nearby location.

**20.**

Please describe in detail any changes that have been made by Defendant in the physical site of the accident or to the warnings or signs relating thereto since the occurrence in question.

**21.**

If you have entered into or reached any type of settlement agreement with any person or entity, (whether a party to this lawsuit or not), regarding the incident made the basis of this lawsuit, please identify all parties to said settlement agreement and the terms of such settlement agreement.

**22.**

Did the Defendant conduct an investigation of the incident which forms the basis of this suit?

**23.**

Was it the regular course of business and standard procedure for the Defendant to investigate any accident on the premises wherein somebody was injured?

**24.**

Please state the name of the person or persons who conducted the investigation of the occurrence in question.

**25.**

What is the Defendant's contention as to as to the cause of the accident which forms the basis of this suit?

**26.**

When was the date and time of the last inspection by Defendant, its agents or employees, of the physical site where this accident occurred?

**27.**

Please state whether Defendant was aware of the defect or condition which Plaintiff alleges to be the cause of the occurrence in question.

7

**28.**

Describe what efforts the Defendant made to warn of the condition or defect which Plaintiff alleges to be the location and cause of the occurrence in question.

**29.**

What is the Defendant's contention as to the Plaintiff's knowledge (before the accident), objective or subjective, of the defect or condition which the Plaintiff alleges to be the cause of the occurrence in question?

**30.**

Please identify all photographs, motion pictures, video TV recordings, maps, drawings, charts, diagrams, measurements, surveys or other documents concerning the events and happenings made the basis of this lawsuit, the area of the occurrence made the basis of this lawsuit, persons or objects involved, either made before, at the time of or after the time of, or after the time of events in question, including any photographs made of you at any time since the incident made the basis of this lawsuit, that you, or your attorney, your insurance carrier or anyone acting on your or their behalf, have or know of.

**31.**

Please state the name, address and telephone numbers of each employee on duty at the time of the incident made the basis of this lawsuit.

**32.**

Please state the names, addresses and telephone numbers of all members of the Belk's Safety Committee.

**33.**

Describe the specific duties of the Belk's Safety Committee.

8

**34.**

Please describe what training procedures, if any, are followed in the course of training of Defendant's employees with regards to customers' slipping and/or falling. This includes any and all written material, slides, photographs, films, videotapes, etc. which Defendant utilizes in training its employees.

**35.**

Please describe what training devices, if any, are utilized by Defendant regarding customers' spills and falls. This includes any and all written material, slides, photographs, films, videotapes, and audiocassettes.

**36.**

If a report was made by an employee of Defendant in the ordinary course of business with respect to Plaintiff's accident, state the name and address of the person who made the report, the date thereof, and in whose custody it is.

RESPECTFULLY submitted this 6th day of Feb, 2014.

Cletus W. Bergen, II, J.D., P.C.

By: _____

**Cletus W. Bergen, II**
Attorney for Plaintiff
Georgia Bar ID # 054150
223 West York Street
Savannah, Georgia 31401
Ph: (912) 233-8001

9

IN THE STATE COURT OF CHATHAM COUNTY
SAVANNAH, GEORGIA

FILED FOR FILING
CLERK

2014 FEB -6 PM 4: 48

*Brian K. Hart*

JOAN CARTER,
    Plaintiff,

v.                       Civil Action No.: _____

BELK, INC., d/b/a BELK OF
SAVANNAH, and JANE DOE,
    Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BELK, INC., d/b/a BELK OF SAVANNAH

In compliance with O.C.G.A. § 9-11-34, Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH,** is required to produce and permit Plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the Plaintiff, commencing at 10:00 am, on the first business day following the forty-fifth (45th) day after the date you are served with this Request for Production of Documents, or any other date convenient to counsel for all parties, and continuing from day to day thereafter until inspection, copying and related acts are completed by Plaintiff.

Defendant is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

The definitions included in the Requests served on this Defendant are incorporated by reference and apply to the requested documents.

In the alternative, Defendant may provide a true and accurate copy of the requested documents within the forty-fifth (45th) day after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the Plaintiff.

1

The words "premises" or "premises in question" refer to the Belk's Department Store located Oglethorpe Mall located at 7804 Abercorn Street, Suite 62, Savannah, Chatham County, Georgia 31406.

## IDENTIFICATION OF PRIVILEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, Defendant is required to provide, in lieu of production, the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (I) the identity of the person or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

### 1.

Produce the architectural plans and drawings for the premises in question, specifically with respect to the location where the Plaintiff was injured.

### 2.

Produce copies of any contracts between the owner and the manager or managing firm at the time of Plaintiff's injury, and for the year immediately preceding Plaintiff's injury.

### 3.

Produce copies of any contract between the owner and person or entity responsible for caring for the premises at the time of Plaintiff's injuries.

### 4.

Provide copies of any legal documents that document Defendant's status as a corporation, partnership, sole proprietorship, or joint venture.

2

**5.**

Provide copies of any joint venture agreement between the Parties or between any Party to this suit and any non-party regarding the ownership, operation, repair, maintenance, advertising, security or other service of or for the premises in question.

**6.**

Produce copies of any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, stocking of clothing, sale of clothing, cleaning, maintenance, repair, and service of the premises in question, and particularly the women's clothing section of the store.

**7.**

Produce copies of any and all photographs that Defendant has of the scene of the accident or the resulting injuries to the Plaintiff.

**8.**

Produce copies of any and all expert reports which have been obtained from any expert and if a report has not been prepared, the preparation of a report is hereby requested.

**9.**

Produce copies of any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**10.**

Produce copies of any and all statements previously made by Plaintiff concerning the

3

subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

**11.**

Produce any and all drawings, maps, or sketches of the scene of the accident which has been made the basis of this lawsuit.

**12.**

Produce a copy of any surveillance movies or photographs which have been made of Plaintiff.

**13.**

Produce any and all expert reports that were or will be reviewed by a testifying expert in this case.

**14.**

Produce any and all expert reports or things that were or will be relied upon in whole or in part by any testifying expert in this case and a copy of their *curriculum vitae* or resume.

**15.**

Produce any and all work papers, notes, documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

**16.**

Produce all documents or tangible things prepared by an expert whom you expect to call as a witness, including but not limited to those which would include his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models, and exhibits.

**17.**

Produce any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

**18.**

Produce copies of reports of all similar accidents prepared by any and all employees of the premises in question from January 1, 2004 up and through the present.

**19.**

Produce all materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the employees, including sales and stocking personnel to ensure customer safety in Defendant's stores. This includes any training films and/or videotapes used by Defendant concerning customer spills and/or falls.

**20.**

Produce all documents pertaining to maintaining clean aisles and floors in Defendant's department stores.

**21.**

Produce all store inspection reports or other documents relating to observation of store clutter by any person or entity, or other agents of the Defendant, for the premises in question, for a period of one (1) year prior to, and all dates subsequent to May 14, 2012.

**22.**

Produce any documents, reports, or other written records pertaining to any investigation of the incident made the basis of this lawsuit that is not privileged at law.

**23.**

Produce any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

**24.**

Produce any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

**25.**

Produce any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case but which may be used as demonstrative evidence at this trial.

**26.**

Please provide a list of all known safety hazards in said Belk's Department Store identified by the safety committee or other agent at Belk of Savannah and the procedures that have been adopted to correct same.

**RESPECTFULLY** submitted this 6th day of Feb , 2014.

Cletus W. Bergen, II, J.D., P.C.

By: _____

Cletus W. Bergen, II
Attorney for Plaintiff
Georgia Bar ID # 054150
223 West York Street
Savannah, Georgia 31401
Ph: (912) 233-8001

6

# IN THE STATE COURT OF CHATHAM COUNTY
## SAVANNAH, GEORGIA

JOAN CARTER,            }
                          }
       Plaintiff,       }
                          }     CIVIL ACTION FILE
v.                       }
                          }     NO. STCV-1400142
BELK, INC., d/b/a BELK OF   }
SAVANNAH, and JANE DOE,   }
                          }
       Defendant.     }

## DEFENDANT BELK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** BELK, INC., Defendant in the above-styled action, and hereby responds to Plaintiff's Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Complaint for Damages fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant was not negligent in any way and, therefore, Plaintiff may not recover from Defendant.

### THIRD DEFENSE

The alleged injuries of the Plaintiff are not the proximate result of any act or omission of Defendant, nor the result of any breach of a duty of this Defendant. Hence, Plaintiff may not recover damages from Defendant.

## FOURTH DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of persons or entities other than Defendant and, thus, Plaintiff may not recover against Defendant.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence and/or assumption of the risk.

## SIXTH DEFENSE

Answering now the separate paragraphs of Plaintiff's Complaint for Damages, Defendant shows the Court as follows:

### PART ONE:

### PARTIES AND JURISDICTION

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages and, therefore, can neither admit nor deny same.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages and, therefore, can neither admit nor deny same.

**PART TWO:**

<u>**NATURE OF CLAIM**</u>

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint for Damages.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint for Damages and, therefore, can neither admit nor deny same.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages and, therefore, can neither admit nor deny same.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint for Damages and, therefore, can neither admit nor deny same.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint for Damages.

9.

Defendant denies the allegations contained in Paragraph 6, including subparts A. through E., of Plaintiff's Complaint for Damages.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages.

## PART THREE:

## INJURIES AND DAMAGES

11.

Defendant denies as pled the allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages.

## PART FOUR:

## SPECIAL DAMAGES

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages.

13.

Defendant denies as pled the allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages.

Each and every allegation contained in Plaintiff's Complaint for Damages which has not been specifically admitted, denied, or otherwise responded to by Belk, Inc. is hereby denied. Defendant further denies that Plaintiff is entitled to recover from Defendant Belk, Inc. in any sum or manner whatsoever.

Defendant denies the last unnumbered paragraph contained in Plaintiff's Complaint for Damages entitled "WHEREFORE," including subsections A. through E.

**WHEREFORE**, Defendant Belk, Inc. having fully answered Plaintiff's Complaint for Damages, prays as follows:

(a)  That it be discharged without liability to Plaintiff;

(b)  That it have a trial by a jury of twelve (12) as to all issues properly triable by a jury;

(c)  That costs be assessed against Plaintiff; and

(d)  That it have such other and further relief as the Court deems just and proper.

This 17 day of March 2014.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By:  _Pamela J Lee_

Stephen M. Schatz
Georgia State Bar No. 528840
Pamela Newsom Lee
Georgia State Bar No. 198981
Attorney for **Defendant
BELK, INC.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
Pamela.lee@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Defendant Belk, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint for Damages** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Cletus W. Bergen, II
Cletus W. Bergen, II, J.D., P.C.
233 West York Street
Savannah, Georgia 31401-3636

This 17 day of March 2014.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: _____
Stephen M. Schatz
Georgia State Bar No. 528840
Pamela Newsom Lee
Georgia State Bar No. 198981
Attorney for **Defendant BELK, INC.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Pamela.lee@swiftcurrie.com

2742434v.1

IN THE STATE COURT OF CHATHAM COUNTY
SAVANNAH, GEORGIA

JOAN CARTER,                         }
                                     }
           Plaintiff,                }
                                     }        CIVIL ACTION FILE
     v.                              }
                                     }        NO. STCV-1400142
BELK, INC., d/b/a BELK OF            }
SAVANNAH, and JANE DOE,              }
                                     }
           Defendant.                }

### DEFENDANT BELK, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BELK, INC., d/b/a BELK OF SAVANNAH

**COMES NOW** BELK, INC., Defendant in the above-styled action, and pursuant to O.C.G.A. § 9-11-33 and O.C.G.A. § 9-11-34, hereby responds to Plaintiff's Request for Admissions to Defendants as follows:

1.

Admit or deny that the Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH,** is a corporation and was a corporation on May 14, 2012.

**Response: Admit.**

2.

Admit or deny that at the time of the incident in question the premises where the accident occurred were owned by the Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH.**

**Response: Admit.**

3.

Admit or deny that on or about May 14, 2012, Defendant owned and/or operated Belk's Department Store located at the Oglethorpe Mall located at 7804 Abercorn Street, Suite 62, Savannah, Chatham County, Georgia.

**Response: Admit.**

4.

Admit or deny that Defendant, **BELK, INC., d/b/a BELK OF SAVANNAH**, does business as Belk Department Store and was doing business as Belk Department Store on or about May 14, 2012.

**Response: Admit.**

5.

Admit or deny that on May 14, 2014 the Plaintiff herein sustained injuries as a result of the incident in question at Defendant, **BELK, INC.**'s Department Store at the Oglethorpe Mall in Savannah, Chatham County, Georgia.

**Response: After reasonable inquiry and upon the information known and readily obtainable by this Defendant, Defendant is without sufficient knowledge or information to either admit or deny this Request.**

6.

Admit or deny that the Plaintiff tripped over a movable clothes rack in Defendant's women's clothing section of the premises on May 14, 2012.

**Response: After reasonable inquiry and upon the information known and readily obtainable by this Defendant, Defendant is without sufficient knowledge or information to either admit or deny this Request.**

7.

Admit or deny that the Plaintiff was business invitee on the premises in question at the time this incident occurred.

**Response:  Upon information and belief, admit.**

8.

Admit or deny that said movable clothes rack had four (4) roller wheels on the base of the rack.

**Response:  After reasonable inquiry and upon the information known and readily obtainable by this Defendant, Defendant is without sufficient knowledge or information to either admit or deny this Request.  Defendant admits it has some movable clothes racks which contain four roller wheels on the base of the rack, but are without information sufficient to admit or deny that Plaintiff, in fact, tripped over such a rack at this stage of discovery.**

9.

Admit or deny that said movable clothes rack was in or near the aisle of multiple stationary clothes racks which contained women's apparel hanging from the stationary clothes racks.

**Response:  After reasonable inquiry and upon the information known and readily obtainable by this Defendant, Defendant is without sufficient knowledge or information to either admit or deny this Request at this stage of discovery.**

10.

Admit or deny that the Plaintiff was injured as a result of her fall, Plaintiff sustained personal injuries to her body.

**Response:**  After reasonable inquiry and upon the information known and readily obtainable by this Defendant, Defendant is without sufficient knowledge or information to either admit or deny this Request.

11.

Admit or deny that the Defendant has been properly served with the service copy of Plaintiff's Complaint

**Response:  Admit.**

This ⁿ day of March 2014.

Respectfully submitted,

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

By: _____
Stephen M. Schatz
Georgia State Bar No. 528840
Pamela Newsom Lee
Georgia State Bar No. 198981
Attorney for **Defendant**
**BELK, INC.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
Pamela.lee@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Defendant*

*Belk, Inc.'s Objections and Responses to Plaintiffs' First Request for Admissions to*

*Defendant Belk, Inc., d/b/a Belk of Savannah* upon all parties to this matter by depositing a true

copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Cletus W. Bergen, II
Cletus W. Bergen, II, J.D., P.C.
233 West York Street
Savannah, Georgia 31401-3636

This ⎽⎽⎽ day of March 2014.

SWIFT, CURRIE, McGHEE & HIERS, LLP

By: ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
Stephen M. Schatz
Georgia State Bar No. 528840
Pamela Newsom Lee
Georgia State Bar No. 198981
Attorney for **Defendant**
**BELK, INC.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
Pamela.lee@swiftcurrie.com

- 5 -

2742475v.1

## IN THE STATE COURT OF CHATHAM COUNTY
## SAVANNAH, GEORGIA

JOAN CARTER,  }
                          }
        Plaintiff,  }
                          }       CIVIL ACTION FILE
  v.  }
                          }       NO. STCV-1400142
BELK, INC., d/b/a BELK OF  }
SAVANNAH, and JANE DOE,  }
                          }
        Defendant.  }

### <u>RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY</u>

Pursuant to Rule 5.2 of the Georgia Uniform Superior Court Rules, this is to certify that I

have this date served a true and correct copy of the following:

1.     *Defendant Belk, Inc.'s Objections and Responses to Plaintiffs' First Request for Admissions to Defendant Belk, Inc., d/b/a Belk of Savannah*;

upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage

prepaid, addressed to counsel of record as follows:

Cletus W. Bergen, II
Cletus W. Bergen, II, J.D., P.C.
233 West York Street
Savannah, Georgia 31401-3636

This \_17\_ day of March 2014.

                          **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                By: _____
                      Stephen M. Schatz
                      Georgia State Bar No. 528840
                      Pamela Newsom Lee
                      Georgia State Bar No. 198981
                      Attorney for **Defendant BELK, INC.**

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
Telephone: (404) 874-8800
Facsimile: (404) 888-6199
Pamela.lee@swiftcurrie.com