UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JOAN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-053 |
| | ) | |
| BELK, INC., d/b/a BELK OF SAVANNAH, and JANE DOE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Joan Carter brought this premises liability case against Belk, Inc. (Belk). Doc. 1-2. She was injured after "she tripped and fell over the bottom wheeled portion of a mobile clothes hanging rack" that was "obscured by the densely crowded stationary racks of hanging clothes" in the women's apparel section of Belk's store. Doc. 1-2 ¶¶ 5, 7.[1] But during her deposition, Belk now contends, Carter "clearly stated that she did not see what she tripped over." Doc. 28-2 at 1. Hence, it moves for complete summary judgment, doc. 28, contending that she "can produce

---

[1] For the purpose of this Order only, the Court is accepting her factual assertions as true.

no evidence to support her claims against Belk such that a reasonable jury would find in her favor." Doc. 28-2 at 4.[2]

That motion is before the district judge. Before the undersigned is Belk's Fed. R. Civ. P. 35 motion to compel Carter to submit to an Independent Medical Examination ("IME") for her damages claims. Doc. 33. Carter opposes on undue expense grounds and proposes a more local IME physician. Doc. 42. Belk's summary judgment motion is fairly well supported and, if granted, its IME motion will be moot and both parties will be spared substantial expense. The Court **DENIES** Belk's motion to compel (doc. 33) without prejudice to its right to renew that motion should it not prevail on its summary judgment motion. The Court will grant any needed discovery extension to that end.

**SO ORDERED,** this 25th day of August, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Put another way, Belk "did not breach any duty owed to Plaintiff, and therefore, she cannot recover from it. [Carter] is unable to identify the hazard which caused her to fall, and consequently, is unable to establish the existence of a dangerous condition, which is necessary in order to bring a claim under the theory of premises liability." Doc. 41 at 1.

2