IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOAN CARTER,                    )
                                )
    Plaintiff,                  )
                                )
v.                              )  CASE NO. CV414-053
                                )
BELK, INC., d/b/a Belk of       )
Savannah, Acting through its    )
Agents and Employees,           )
                                )
    Defendant.                  )
                                )

## O R D E R

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 28.) Plaintiff has filed a response in opposition (Doc. 39), to which Defendant has filed a reply (Doc. 41). For the following reasons, Defendant's motion is **DENIED**. This case will proceed to trial.

### BACKGROUND

On or about May 14, 2012, Plaintiff was shopping in the women's apparel section of Defendant's department store in Savannah, Georgia.[1] (Doc. 39, Attach. 1 at 1.) After perusing the store's offerings, Plaintiff eventually selected two items she wanted to try on. (Id. at 2.) After removing the items from a rack, Plaintiff turned to move

---

[1] For the purposes of ruling on Defendant's motion for summary judgment, the Court construes the facts in the light most favorable to Plaintiff. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 577-78 (1986).

toward the dressing rooms. (Id.) When turning, however, Plaintiff tripped over the leg of a mobile clothes rack that had been left in the aisle. (Id.) The mobile clothes rack, known as a z-rack, has a broad-bottom structure with an extended wheel base. (Id. at 3.) As a result of her fall, Plaintiff suffered a dislocated shoulder along with various other injuries. (Id.)

On February 6, 2014, Plaintiff filed a negligence action against Defendant in the state court of Chatham County, Georgia. (Doc. 1 at 8.) On March 17, 2014, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1446. (Doc. 1.) Defendant subsequently filed this Motion for Summary Judgment. (Doc. 28.) In its motion, Defendant argues that Plaintiff has not presented sufficient evidence to show the existence of a hazard and, even if a hazard did exist, it was within Plaintiff's plain view such that she should reasonably have avoided it.

## ANALYSIS

I. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Such a motion must be

granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933 (11th Cir. 1989). With regard to premises liability issues, the Supreme Court of Georgia has cautioned that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary

care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." Robinson v. Kroger Co., 268 Ga. 735, 748, 493 S.E.2d 403, 414 (1997).

II. EXISTENCE OF A HAZARD

"The threshold point of inquiry in a slip and fall case is the existence of a hazardous condition on the premises." Flagstar Enters., Inc. v. Burch, 267 Ga. App. 856, 856, 600 S.E.2d 834, 835 (2004). In addition, mere evidence of a fall is insufficient to substantiate a claim against a defendant. Sunlink Health Sys., Inc. v. Pettigrew, 286 Ga. App. 339, 341, 649 S.E.2d 532, 534 (2007). A case will be dismissed for lack of causation where Plaintiff relies on pure speculation or conjecture. El Ranchero Mexican Rest., No. 10, Inc. v. Hiner, 316 Ga. App. 115, 117, 728 S.E.2d 761, 763 (2012) (quoting Pinckney v. Covington Athletic Club & Fitness Ctr., 288 Ga. App. 891, 893, 655 S.E.2d 650, 653 (2007)). However, the law does not impose a high burden on a plaintiff to show causation at this stage. See J.H. Harvey Co. v. Reddick, 240 Ga. App. 466, 468, 522 S.E.2d 749, 752 (1999) (denying

summary judgment despite Plaintiff admitting she did not know what caused her to fall because there was spilled produce nearby).

Defendant argues that because Plaintiff cannot conclusively identify what she tripped over, there should be no cause of action. (Doc. 28, Attach. 2 at 6.) Specifically, Defendant points out that Plaintiff testified that she did not see the hazard upon which she tripped either before or after her fall. (Id.) Rather, Plaintiff testified only that she tripped over "a rack." (Id.) Accordingly, Defendant insists Plaintiff's claim must fail because she is unable to prove that she tripped over the z-rack as opposed to one of the store's stationary racks. (Id. at 7.)

The Court finds Defendant's argument unpersuasive. Here, Plaintiff testified that she felt a piece of iron hit her foot that caused her to trip. (Id. at 2.) In addition, a surveillance video of the incident clearly shows the z-rack being knocked off to the side as Plaintiff falls. As a result, the Court finds this evidence amounts to more than mere speculation that the z-rack caused Plaintiff's fall. Accordingly, viewing the evidence in the light most

favorable to Plaintiff, the Court finds summary judgment inappropriate as to this issue.

III. KNOWLEDGE OF THE PARTIES AND ORDINARY CARE

Under Georgia law, a premises owner owes a duty of reasonable care to its invitees, and can be held liable for its failure to exercise ordinary care in keeping the premises safe. Am. Multi-Cinema, Inc. v. Brown, 285 Ga. 442, 444, 679 S.E.2d 25, 27 (2009). However, a premises owner is not liable for all injuries that occur on its property. See Gibson v. Consol. Credit Corp., 110 Ga. App. 170, 173, 128 S.E.2d 77, 79 (1964). To recover in a traditional trip and fall action such as this, Plaintiff must show that (1) Defendant had actual or constructive knowledge of the hazard and (2) Plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within Defendant's control. Robinson, 268 Ga. at 748, 493 S.E.2d at 414.

Here, Defendant does not dispute that it had actual knowledge of the existence of the z-rack. Indeed, Defendant admits that its employee moved the z-rack into the aisle prior to Plaintiff's fall. (Doc. 28, Attach. 2 at 9.) Accordingly, the Court need only consider whether Plaintiff

lacked knowledge of the hazard despite exercising reasonable and ordinary care.

Defendant argues that Plaintiff's claims must fail because the z-rack was an obvious peril in Plaintiff's plain view. (Id. at 7-8.) The plain view doctrine states that "one is under a duty to look where he is walking and to see large objects in plain view which are at a location where they are customarily placed and expected to be." Stenhouse v. Winn Dixie Stores, Inc., 147 Ga. App. 473, 474, 249 S.E.2d 276, 277-78 (1978); see also Emory Univ. v. Duncan, 182 Ga. App. 326, 328, 355 S.E.2d 446, 448 (1987) ("It was incumbent upon [plaintiff], as a matter of law, to use her eyesight for the purpose of discovering any discernible obstruction or defect in her path."). However, "[t]his 'plain view' doctrine must be considered in conjunction with the duty of the merchant to keep his premises in a safe condition." Sears, Roebuck & Co. v. Chandler, 152 Ga. App. 427, 429, 263 S.E.2d 171, 174 (1979). The Plaintiff "is not bound to avoid tripping or stumbling over articles which are not usually obstructing aisles of a store, and which in the exercise of ordinary care [she] did not observe." Id. at 428, 263 S.E.2d at 173.

Here, the z-rack was not in Plaintiff's direct line-of-sight. Rather, the z-rack was positioned behind and to the right of Plaintiff up until the moment she turned to walk toward the dressing room. (Doc. 39, Attach. 1 at 3.) Accordingly, the Court finds a jury could reasonably conclude that the z-rack was not in Plaintiff's "plain view" such that she should have avoided it through the exercise of reasonable care. See Adams v. Sears, Roebuck & Co., 227 Ga. App. 695, 711, 490 S.E.2d 150, 162 (1997) (holding obstacle not in plain view where plaintiff turned around and tripped on clothes hanger).

Defendant also argues that merchants customarily place merchandise in aisles while restocking shelves and the z-rack was so obvious a peril that Plaintiff had a duty to avoid it. (Doc. 28, Attach. 2 at 8.) While courts have acknowledged that goods are ordinarily left in aisles at times, "[t]he merchant must so place these articles so as not to threaten danger to those using the aisle and so that they are in full sight and within the observation of everyone." Riggs v. Great Atl. & Pac. Tea Co., 205 Ga. App. 608, 610, 423 S.E.2d 8, 10 (1992). Here, the z-rack was not placed in a main aisle, but rather tucked in a narrow

9

corridor among similar-looking clothing racks. In addition, the surveillance video shows that the z-rack was left untouched up until the moment of Plaintiff's fall in what may potentially be a violation of Defendant's store safety procedures. (Doc. 39, Attach. 1 at 3.) As a result, the Court finds that there exists at least a jury question as to whether the z-rack constituted an obvious peril.

In addition, even if the z-rack was an obvious peril, Plaintiff points out that the store exhibited a number of colorful and eye-catching displays that could have distracted Plaintiff. (Id. at 7-9.) Indeed, the surveillance video shows Plaintiff moving around the department, pulling clothes off of racks, and checking price tags. As a result, the Court concludes a reasonable jury could excuse Plaintiff's failure to observe the z-rack as she was reasonably distracted by Defendant's displays.

Finally, while the video shows Plaintiff looking in the general direction of the z-rack roughly twenty minutes before she tripped over it, the Court cannot conclude as a matter of law that she saw it. Plaintiff testified that she did not see the z-rack at any point. (Id. at 5.) Even if Plaintiff did see the z-rack being moved, it does not

follow that she was aware of the its broad wheel base and the leg upon which she tripped. Rather, the surveillance video suggests that the z-rack's legs would have been obscured from Plaintiff's vantage point when it was first moved into the aisle. As a result, the Court finds there is at least a genuine issue of material fact as to whether Plaintiff was acting with reasonable care when she tripped over the z-rack. Accordingly, Defendant's Motion for Summary Judgment must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 28) is **DENIED**. This case will proceed to trial.

SO ORDERED this __31ST__ day of March 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA