# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JOAN CARTER,

    Plaintiff,

v.                                 Case No. CV414-053

BELK, INC., d/b/a BELK OF
SAVANNAH, and JANE DOE,

    Defendants.

## ORDER

Joan Carter brought this premises liability case against Belk, Inc. (Belk). Doc. 1-2. She was injured after "she tripped and fell over the bottom wheeled portion of a mobile clothes hanging rack" that was "obscured by the densely crowded stationary racks of hanging clothes" in the women's apparel section of Belk's store. Doc. 1-2 ¶¶ 5, 7.[1] Belk unsuccessfully moved for summary judgment, doc. 28, which means "[t]his case will proceed to trial." Doc. 50 at 11. Citing her physical

---

[1] For the purpose of this Order only, the Court is accepting her factual assertions as true.

damages claim, Belk moves under Fed. R. Civ. P. 35[2] to compel an Independent Medical Examination (IME). Doc. 51. Belk's counsel represents that plaintiff's counsel has consistently "failed to respond to [Belk's] request for an examination." *Id.* at 3. Carter does not dispute that.

Nor is there any dispute that Carter's physical condition is at issue, that she is seeking to recover damages for the physical injury (her shoulder, etc.) allegedly caused by her in-store fall, and that an IME is justified. In fact, the only dispute here is over location. Belk wants her to be seen by an Atlanta area specialist of its choosing. Doc. 56 at 1-2. It is even willing to pay for her travel expenses to there from Savannah, where she lives. *Id.* at 2.

Plaintiff, who has been receiving treatment at two Savannah, Georgia neurology practices, doc. 51 at 5, insists on evaluation by one of her Savannah area specialists. Doc. 55. She claims undue hardship and

---

[2] Rule 35(a)(1)&(2), summarized:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . The order may be made only on motion for good cause shown.

Fed. R. Civ. P. 35(a)(1)&(2).

2

that Belk's consulting physician "has already expressed bias against [her] by virtue of the adverse opinions that he has rendered without ever having seen the [p]laintiff." *Id.* at 2. "An unbiased Independent Medical Examination," she insists, "can be reasonably acquired in Savannah, Georgia." *Id.* Belk disagrees, emphasizing that a fair and impartial medical expert cannot feasibly be located in Savannah. Doc. 56.

Discovery is supposed to be self-executing, *Leaks v. Target Corp.*, 2015 WL 4092450 at *1 n. 1 (S.D. Ga. July 6, 2015), and litigants have "an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through Rule 37, and . . . each attorney [is obligated] to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." *Bottoms v. Liberty Life Assur. Co. of Boston*, 2011 WL 6181423 at * 4 (D. Colo. Dec. 13, 2011). In addition, the parties are supposed to cooperate -- thus confer[3] -- *before* resorting to judicial intervention and consuming Court resources. Carter has not responded

---

[3] Local Rule 26.5(c) reminds attorneys "that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court." "That rule is enforced." *Hernandez v. Hendrix Produce, Inc.*, 2014 WL 953503 at * 1 (S.D. Ga. Mar. 10, 2014). And the conference must be meaningful. *Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538, 540 (S.D. Ga. 2014); *State Farm Mut. Auto. Ins. Co. v. Howard*, 296 F.R.D. 692, 697 (S.D. Ga. 2013).

to, and thus does not dispute, Belk's complaint that it has repeatedly contacted her, yet she failed to confer. That duty means that the parties must talk to each other directly, and not wait to do so through briefs that this Court must also read. Even though Belk does not seek Fed. R. Civ. P. 37 fees, the Court **GRANTS** its IME motion (doc. 51) in no small part as a sanction for Carter's failure to confer.[4]

For that matter, IME's are relatively routine in personal injury cases where plaintiffs are free to exaggerate their pain and suffering, and personal-physician bias is not unknown. *See Romano v. Interstate Exp., Inc.*, 2009 WL 211142 at * 2 (S.D. Ga. Jan. 28, 2009) ("Nothing in Rule 35 mentions a 'mutually chosen' examiner. Plus, plaintiff reaped the benefit of employing his own medical experts . . . to support his case, thus triggering a proverbial 'battle of the experts.' Hence, defendants are

---

[4] Carter also has been filing "bad scans" with this Court. Docs. 42 & 55. Every E-filed document should be "machine readable" because it enables users to search it using key words, and also mark and copy text from it. Producing a "machine readable" .pdf file, which is required for E-filing, is easy. Most word processors have a "publish to .pdf" or "print to .pdf" drop-down option under a "File," then "Print" command. Counsel should use that feature, which produces a machine-readable .pdf.

Parties must *not* print out a document and then run it through a mechanical scanner, which counsel here apparently has been doing (his E-filings have not been machine readable, thus hampering Court operations). That method fails to produce a machine-readable .pdf. Counsel should contact the Clerk's office should additional guidance be needed. The Court **ORDERS** Carter's counsel to comply with this directive, which applies to all E-filers before this Court.

entitled to their own medical experts.") (footnote omitted), cited in *Funez v. Wal-Mart Stores East, LP*, 2013 WL 123566 at * 7 (N.D. Ga. Jan. 9, 2013) ("An [IME] is particularly appropriate here because Defendant would be prejudiced in contesting the nature and extent of Plaintiff's injuries by having to rely exclusively on Plaintiff's medical records and testimony from her treating physicians."). And Carter does not specify exactly how her travel burden is "undue." Finally, it is simply too easy to label a proposed IME physician "biased" merely because he is being paid by an adversary -- that's grist for the cross-examination mill.[5]

Accordingly, the Court **GRANTS** Belk's motion to compel (doc. 51). As promised (its last Order denied Belk's IME motion until after the summary judgment motion was reached, doc. 43), the Court will grant any needed extension to facilitate this layer of discovery.

**SO ORDERED** this 13th day of July, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA.

---

[5] *See Looney v. Nat'l R.R. Passenger Corp.*, 142 F.R.D. 254, 265 (D. Mass. 1992) ("[P]laintiff's ability to object to an expert physician chosen by the defendant should be rather limited with any questions of bias or prejudice of either side's chosen expert being left to full exploration at trial.").